## KANE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. PLEADINGS—AMENDMENT—LOSS OF RIGHT—LACHES.

On the trial of a cause in the City Court in January, the presiding justice ruled that defendant, by a certain allegation, admitted that it operated cars at the time and place of the accident. A judgment for plaintiff was reversed upon another ground at the May term of the Appellate Term, which denied a motion for a reargument in June. In October defendant moved for leave to amend its answer so as to specifically deny the operation by it of a railway at the place and time of the accident. *Held,* that the motion was properly denied on the ground of laches.

MacLean, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by James Kane against the Metropolitan Street Railway Company. From an order of the City Court denying a motion for leave to serve an amended answer, defendant appeals. Affirmed.

See 88 N. Y. Supp. 162.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Bayard H. Ames and F. A. Gaynor, for appellant.
William R. Adams, for respondent.

FREEDMAN, P. J. The order herein should be affirmed upon the ground that the defendant was guilty of laches in making the motion.

Order affirmed, with costs and disbursements.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). Upon the trial of this cause in January of the current year, the justice presiding ruled, seemingly, that the defendant, by admitting in its answer an allegation that it was operating a street railroad and running cars along and over Broadway, admitted that it operated cars at the place and time of the alleged accident. A judgment for the plaintiff was reversed upon another ground at the May term of this court, which also denied a motion by the plaintiff for a reargument on June 23d. In October—it does not appear that the case had been restored to the calendar for trial—the defendant, not waiving its interpretation of the pleadings, but, as it avers, "to plead the circumstances as clearly as possible," moved to amend its answer so as specifically to deny the operation by it of a railway at the place and time of the accident alleged. This was denied because of the lapse of time, the learned Chief Justice observing that "the defendant should not at this late day be permitted to deny that which it has heretofore admitted." The motion would better have been granted upon terms properly appreciating the existing conditions, under the much used—much abused, even—provision for the amendment

at any stage of the action of a pleading, in furtherance of justice, of which few things surely can be more of hindrance than furthering one to proceed against another whom he cannot prove bounden to him. ·While the present answer seems logically capable of the construction put upon it by the defendant, if there be ambiguity in its meaning that ambiguity would better be extracted when it can be orderly done with timely appreciation of the attachable terms, rather than expose the parties and the public to avoidable contention, including possible new appeals.